UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HENDERSON HENRY, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                      Plaintiff,

- against –

CUNEX, INC., CUNEX FLEET SERVICE CENTER, INC., ENRICO FUCCI, and MIGUEL TAVERAS,

                      Defendants.

Case No.: 23-cv-03347-PKC-CLP

**ANSWER**

**JURY TRIAL DEMANDED**

Defendants, CUNEX, INC., CUNEX FLEET SERVICE CENTER, INC., ENRICO FUCCI, and MIGUEL TAVERAS, by and through their attorneys, ZABELL & COLLOTTA, P.C., Answer the Complaint as follows:

### NATURE OF THE ACTION

1. Defendants admit the allegations set forth in Paragraph "1" of the Complaint.

2. Defendants admit the allegations set forth in Paragraph "2" of the Complaint.

3. Defendants deny the allegations set forth in Paragraph "3" of the Complaint.

4. Defendants deny the allegations set forth in Paragraph "4" of the Complaint.

1

5. Defendants deny the allegations set forth in Paragraph "5" of the Complaint to the extent no violation of law occurred.

6. Defendants deny the allegations set forth in Paragraph "6" of the Complaint to the extent no violation of law occurred.

## JURISDICTION AND VENUE

7. Defendants admit the allegations set forth in Paragraph "7" of the Complaint but aver no violation of law has occurred.

8. Defendants admit the allegations set forth in Paragraph "8" of the Complaint but aver no violation of law has occurred.

9. Defendants admit the allegations set forth in Paragraph "9" of the Complaint but aver no violation of law has occurred.

## THE PARTIES
### Plaintiff HENDERSON HENRY

10. Defendants deny the allegations set forth in Paragraph "10" of the Complaint.

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint.

12. Paragraph "12" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "12" of the Complaint.

13. Paragraph "13" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required,

Defendants deny the allegations set forth in Paragraph "13" of the Complaint.

## DEFENDANT CUNEX, INC.

14. Defendants admit the allegations set forth in Paragraph "14" of the Complaint.

15. Defendants admit the allegations set forth in Paragraph "15" of the Complaint.

16. Paragraph "16" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "16" of the Complaint.

17. Paragraph "17" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in Paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in Paragraph "19" of the Complaint.

## DEFENDANT CUNEX FLEET SERVICE CENTER, INC.

20. Defendants admit the allegations set forth in Paragraph "20" of the Complaint.

21. Defendants deny the allegations set forth in Paragraph "21" of the Complaint.

22. Paragraph "22" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "22" of the Complaint.

23. Paragraph "23" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in Paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in Paragraph "25" of the Complaint.

## DEFENDANT ENRICO FUCCI

26. Defendants admit the allegations set forth in Paragraph "26" of the Complaint.

27. Defendants admit the allegations set forth in Paragraph "27" of the Complaint but aver no violation of law has occurred.

28. Defendants admit the allegations set forth in Paragraph "28" of the Complaint.

29. Defendants admit the allegations set forth in Paragraph "29" of the Complaint.

30. Paragraph "30" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "30" of the Complaint

### DEFENDANT MIGUEL TAVERAS

31. Defendants admit the allegations set forth in Paragraph "31" of the Complaint.

32. Defendants admit the allegations set forth in Paragraph "32" of the Complaint but aver no violation of law has occurred.

33. Defendants admit the allegations set forth in Paragraph "33" of the Complaint.

34. Defendants admit the allegations set forth in Paragraph "34" of the Complaint.

35. Paragraph "35" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

## DEFENDANTS CONSTITUTE JOINT EMPLOYERS

36. Defendants admit the allegations set forth in Paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

38. Defendants admit the allegations set forth in Paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in Paragraph "39" of the Complaint.

40. Paragraph "40" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in Paragraph "42" of the Complaint and all subparts related thereto.

43. Defendants deny the allegations set forth in Paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

## FACTUAL ALLEGATIONS

45. Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

47. Defendants admit the allegations set forth in Paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

56. Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57. Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

58. Defendants admit the allegations set forth in Paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

60. Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

61. Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

62. Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

65. Paragraph "65" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

66. Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

67. Paragraph "67" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "67" of the Complaint.

68. Paragraph "68" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "68" of the Complaint.

## FIRST CLAIM

(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq.*)

69. Defendants repeat, reiterate, and reallege each and every response made in Paragraphs "1" through "68" contained herein.

70. Defendants deny the allegations set forth in Paragraph "70" of the Complaint.

71. Paragraph "71" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "71" of the Complaint.

72. Defendants deny the allegations set forth in Paragraph "72" of the Complaint.

73. Defendants deny the allegations set forth in Paragraph "73" of the Complaint.

74. Defendants deny the allegations set forth in Paragraph "74" of the Complaint.

## SECOND CLAIM

### (NYLL – Unpaid Overtime Wages)

75. Defendants repeat, reiterate, and reallege each and every response made in Paragraphs "1" through "74" contained herein.

76. Defendants deny the allegations set forth in Paragraph "76" of the Complaint.

77. Defendants deny the allegations set forth in Paragraph "77" of the Complaint.

78. Defendants deny the allegations set forth in Paragraph "78" of the Complaint.

79. Defendants deny the allegations set forth in Paragraph "79" of the Complaint.

80. Defendants deny the allegations set forth in Paragraph "80" of the Complaint.

### THIRD CLAIM

### (NYLL – Spread-of-Hours Pay)

81. Defendants repeat, reiterate, and reallege each and every response made in Paragraphs "1" through "80" contained herein.

82. Defendants deny the allegations set forth in Paragraph "82" of the Complaint.

83. Defendants deny the allegations set forth in Paragraph "83" of the Complaint.

84. Defendants deny the allegations set forth in Paragraph "84" of the Complaint.

### FOURTH CLAIM

### (NYLL WTPA – Failure to Provide Wage Notices)

85. Defendants repeat, reiterate, and reallege each and every response made in Paragraphs "1" through "84" contained herein.

86. Paragraph "86" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "86" of the Complaint.

87. Defendants deny the allegations set forth in Paragraph "87" of the Complaint.

88. Defendants deny the allegations set forth in Paragraph "88" of the Complaint.

## FIFTH CLAIM

(Violation of the Wage Statement Provisions of the NYLL)

89. Defendants repeat, reiterate, and reallege each and every response made in Paragraphs "1" through "88" contained herein.

90. Defendants deny the allegations set forth in Paragraph "90" of the Complaint.

91. Defendants deny the allegations set forth in Paragraph "91" of the Complaint.

## SIXTH CLAIM

(NYLL – Failure to Pay Timely Wages)

92. Defendants repeat, reiterate, and reallege each and every response made in Paragraphs "1" through "91" contained herein.

93. Paragraph "93" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph "93" of the Complaint.

94. Defendants deny the allegations set forth in Paragraph "94" of the Complaint.

95. Paragraph "95" of the Complaint contains a legal conclusion to which no responsive pleading is required. To the extent a response is required,

Defendants deny the allegations set forth in Paragraph "95" of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendants, Defendants assert the following affirmative defenses:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands and/or laches by employees on whose behalf Plaintiff brings this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, to the extent it seeks liquidated damages, is barred, in whole and in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of any law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in good faith and full compliance with the law and did not violate any rights which may be secured to employees on whose behalf Plaintiff brings this action under any federal, state, or local laws, rules, regulations, or guidelines.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Although Defendants deny that they owe any alleged unpaid wages or other amounts to employees on whose behalf Plaintiff brings this action, if it is determined that such monies are owed, Plaintiff cannot establish that any alleged violation of the Fair Labor Standards Act ("FLSA") was willful, and thus, cannot establish entitlement to a three-year statute of limitations with respect to his FLSA claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any and all monies to which the employees on whose behalf Plaintiff brings this action is entitled have been paid in accordance with the FLSA.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

Employees on whose behalf Plaintiff brings this action are precluded from recovering any amounts where they have been paid all sums legally due under the law.

## AS AND FOR A EIGTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by operation of the Portal-to-Portal Act.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Some, or all, of the disputed time for which Plaintiff seeks recovery involves wages purportedly owed to employees on whose behalf Plaintiff brings this action for non-compensable travel time.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Some, or all, of the disputed time for which Plaintiff seeks recovery involves wages purportedly owed to employees on whose behalf Plaintiff brings this action for time that is not compensable pursuant to the *de minimus* doctrine and rounding regulations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Defendants maintain appropriate records and all such records are kept in accordance with law.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Any acts or omissions on the part of Defendants were in good faith, and Defendants had reasonable grounds for believing that any such act or omission was not a violation of the FLSA.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff succeeds in establishing any violation under the FLSA and to the extent any sums are found due and owing to the employees on whose behalf Plaintiff brings this action, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to each employee on whose behalf Plaintiff brings this action over and above their wages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not representative of a potential class.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to overtime compensation under the FLSA. Defendants are motor carriers, or motor private carriers as defined in 49 U.S.C. § 13102. Plaintiff, and employees on whose behalf Plaintiff brings this action, were employed as a driver, driver's helper, loader, or mechanic whose duties affect the safety of operation of motor vehicles in transportation on public highways in interstate or foreign commerce. As such, Plaintiff is exempt from overtime compensation pursuant to Section 13(b)(1) of the Federal Motor Carrier Act of 1935 (FMCA).

## DEMAND FOR A JURY

Defendants demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendants, CUNEX, INC., CUNEX FLEET SERVICE CENTER, INC., ENRICO FUCCI, and MIGUEL TAVERAS, hereby demand judgment dismissing the Complaint in its entirety, together with the cost and disbursements of this action, including attorney's fees, and for such further relief as this court may deem just, equitable, and proper.

Defendants expressly reserve the right to amend their Answer and assert additional defenses and/or supplement, alter or change this Answer upon completion of appropriate investigation and discovery.

Dated: Bohemia, New York
      July 17, 2023

ZABELL & COLLOTTA, P.C.
*Attorneys for Defendants*

By: _____
Saul D. Zabell, Esq.
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com